**Delbert C. TACKETT, et al., Plaintiffs,**

v.

**CONSOLIDATED RAIL CORPORATION, Defendant.**

No. C-3-78-250.

United States District Court, S. D. Ohio, W. D.

March 26, 1982.

J. B. Blumenstiel, Columbus, Ohio, for plaintiffs.

David C. Greer, Dayton, Ohio, for defendant.

ORDER DENYING PLAINTIFFS' MOTION FOR NEW TRIAL AND DEFENDANT'S MOTION FOR JUDGMENT N.O.V.

CARL B. RUBIN, Chief Judge.

This matter is before the Court on a Motion for a New Trial filed by plaintiffs and for Motion for Judgment *Non Obstante Veredicto* by the defendant. For the reasons stated below each of such Motions is hereby denied.

In plaintiffs' Motion for a New Trial, 11 grounds are asserted suggesting error by the Court. The accident in question occurred December 7, 1977. It was the Court's position at trial, and it continues to be this Court's position, that the law of Ohio applicable on the date of the accident is the law that was applicable to the trial of this case. Accordingly, changes in the Ohio statutes regarding wrongful death and comparative negligence are not applicable. In each instance, the statutory law of Ohio

was changed subsequent to the accident date with no evidence that either change was intended to apply retrospectively. However, the legislature and Courts of Ohio have indicated and held that these statutes apply prospectively only and this Court deems itself bound by such intent and interpretations. *See*; 54 Ohio State Bar Association Report, pp. 1890 and 1947 (1981) [Senate Version of Amendment to Ohio Rev. Code § 2125.01, .02 and .03, which received concurrence by House of Representatives, specifically deleted remedial provision that would have made the amendment retroactive to untried causes of action that had accrued within two years prior to its effective date.]; *Cf. Baltimore & Ohio Railroad Company v. The Maxwell Company*, (Ct. App. Hamilton Co., C–800747, unreported, 1981); *Wirth v. South Central Power*, (Ct. App. Franklin Co., 80–AP–713, unreported, 1981), and *Bolcerzak v. Page* (Ct.App. Cuyahoga Co., 42864, unreported, 1981) [Comparative negligence statute applies prospectively only], with *Straub v. Voss* (Ct.App. Medina Co., 1009, unreported, 1981) [Comparative negligence statute applies retroactively].

Of the nine remaining asserted errors, eight require no further consideration than the observation that the Court remains satisfied that its. rulings were correct as a matter of law.

■ One Assignment of Error, however, does require further observation since it attacks the impartiality of the Court itself. Assignment 7 states as follows:

"The Court erred in suggesting an answer to a key defense witness during plaintiffs' cross-examination."

During the trial, Mr. Kenneth Emmons was called as on cross-examination and interrogated concerning a previous deposition. The dialogue between counsel and witness indicated that a typographical error was made by the transcribing reporter. Mr. Emmons was asked about a phrase that to him made no sense. In an effort to assist the understanding of the jury of the dialogue in question, the Court inquired as to whether or not a word had been incorrectly transcribed and that another word was more appropriate. The specific testimony in question is as follows:

"EXCERPT FROM TESTIMONY OF MR. EMMONDS:

(As on) CROSS–EXAMINATION

By Mr. Blumenstiel:

Q. When I asked · you, 'Did you stay there the whole time,' you made this comment. 'I stayed there until I changed out those circuits after he cleared the crossing.'

What do you mean by changed out those circuits?

A. If I may, I have read this thing and there is a lot of errors in this thing. There is some things I can't understand. I don't know what the change is. I couldn't understand that. There is several other points in here, whether it's typographical error or what; I couldn't understand it.

Q. But these words were said by you.

A. No, I didn't say change; I don't know what change would be.

THE COURT: Is it possible that the word was checked out?

THE WITNESS: Checked out; should be. That was the only thing I know.

THE COURT: I'm not trying to put words in your mouth.

MR. BLUMENSTIEL: Note my objection.

Q. Page 26, line 15, the word should be 'checked'?

A. Yes, sir. I don't know what they were referring to, 'change.' I don't understand that at all."

To suggest as plaintiffs' counsel does that this was "coaching" of a witness, is to cast doubt not only upon the integrity of the Court, but also upon the principle that the trial judge has a right and a duty to direct the proceedings in accordance with Rule 102 of the Federal Rules of Evidence. That Rule provides in part as follows:

"These rules shall be construed to secure fairness in administration . . . to the end that the truth may be ascertained . . ."

This obligation is specifically set forth in Federal Rule of Evidence 611 which provides in part as follows:

"The Court shall exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to (1) make the interrogation and presentation effective for the ascertainment of the truth, (2) avoid needless consumption of time, and (3) protect witnesses from *harassment or undue embarrassment.*" (emphasis added).

The Court also notes in passing that portion of Federal Rule of Evidence 614 which provides "The Court may interrogate witnesses whether called by itself or by a party..."

To equate a question by the Court intended to clarify a dialogue with "witness coaching" is completely without merit and offensive to the dignity of the Court.

Plaintiffs' Motion for a New Trial is hereby DENIED.

Defendant in seeking judgment *non obstante veredicto* contends that the Court erred in instructing the jury on the applicability of a city ordinance of the City of Springfield. The Court has reviewed its charges and the law that it cited. Based upon such a review, the Court is satisfied that the charge to the jury was correct. Accordingly, defendant's Motion for Judgment *Non Obstante Veredicto* is hereby DENIED.

IT IS SO ORDERED.